UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| STEPHEN T. HALEY, | ) | CASE NO. 5:13 CV 232 |
| | ) | |
| PLAINTIFF, | ) | JUDGE SARA LIOI |
| | ) | |
| vs. | ) | |
| | ) | MEMORANDUM OPINION AND |
| | ) | ORDER |
| CITY OF AKRON, et al., | ) | |
| | ) | |
| DEFENDANTS. | ) | |

Before the Court is plaintiff's motion for leave to file a first amended complaint. (Motion, Doc. No. 48.) Plaintiff seeks to add a new defendant, City of Akron Detective Anthony Starvaggi ("Starvaggi"), to this action, and to restore two previously dismissed defendants—Jon Thatcher ("Thatcher") and Jeff Freeman ("Freeman"). Plaintiff's proposed first amended complaint is attached to the motion for leave to amend. (First Am. Compl., Doc. No. 48-2.)

Freeman and Thatcher separately opposed plaintiff's motion for leave to amend. (Freeman Opp., Doc. No. 49 and Thatcher Opp., Doc. No. 52.) The only remaining City of Akron defendant, James Alexander ("Alexander"), opposed plaintiff's motion to add Starvaggi to the case (Alexander Opp. Doc. No. 50). Plaintiff filed a single reply to all three oppositions. (Reply, Doc. No. 54.)[1]

---

[1] Both Freeman and Thatcher filed sur-replies. (Doc. Nos. 55 and 56, respectively.) However, Local Rule 7.1 only provides for a memorandum in opposition to a motion and a reply. Neither Freeman nor Thatcher sought leave to file a sur-reply, and therefore their sur-replies will be disregarded by the Court.

For the reasons contained herein, plaintiff's motion for leave to file a first amended complaint as to Freeman, Thatcher, and Starvaggi is denied. Plaintiff's motion to amend his complaint as to Alexander, which was not opposed, is granted. Plaintiff's motion to amend as to Wascom, and Chipman, which was unopposed by these defendants, is granted, except as to Count III.

## I. BACKGROUND

**A. Factual**

The dispute in this case revolves around a 2009 black Corvette (the "Corvette") and the January 31, 2011 events surrounding it. Plaintiff alleges that he legally acquired the Corvette in Texas in July 2009. While plaintiff was driving the Corvette in the City of Akron, Ohio on January 31, 2011, the vehicle was seized by defendant Akron Police Officer Alexander as a consequence of events resulting from defendants J. B. Wascom ("Wascom") and Sheri Chipman's ("Chipman") claimed ownership of the Corvette. Plaintiff, Wascom, and Chipman all claim an interest in the Corvette. Their respective claims arise from a complicated web of business transactions and legal disputes that are neither relevant to this case nor the Court's analysis herein.

Plaintiff's original complaint alleges various constitutional violations pursuant to 42 U.S.C. § 1983 ("§ 1983") against: (1) the City of Akron Police and certain Akron police officers, including Akron Police Officer Alexander; (2) two John Doe Akron police officers; (3) the City of Rowlett, Texas and certain City of Rowlett employees, including Rowlett Detective Freeman (the "Rowlett Defendants"); (3) and the County of Rockwall, Texas and certain Rockwall County employees, including Rockwall County District Attorney Thatcher (The Rockwall Defendants") Plaintiff also sued

2

Chipman and Wascom for violations of federal law governing debt collection under 15 U.S.C. § 1962. Finally, plaintiff original complaint asserts state law claims pursuant to the Court's supplemental jurisdiction. (*See* Compl., Doc. No. 1 at 13-19.[2])

**B. Procedural**

The Rowlett Defendants and the Rockwall Defendants moved to be dismissed from the original complaint, and plaintiff moved to dismiss the City of Akron, the City of Rowlett, the County of Rockwall, and Rockwall District Attorney Kenda Culpepper. The Court ruled on those motions in a lengthy Memorandum Opinion and Order issued on February 27, 2014, dismissing all defendants for whom there was a motion to dismiss, including Freeman and Thatcher. (MOO, Doc. No. 36.) The details of Freeman and Thatcher's dismissal are relevant to plaintiff's pending motion to amend his complaint and are discussed below.

City of Akron Police Chief Craig Gilbride ("Gilbride") and Alexander moved for judgment on the pleadings, and plaintiff moved to remove Gilbride from the lawsuit. In an Opinion and Order issued on July 31, 2014, Gilbride was dismissed from the case, and plaintiff's claims against Alexander in his official and individual capacities were dismissed, except for the unreasonable seizure/false arrest claim in Count II. (OO, Doc. No. 40.)

Wascom and Chipman filed an answer to plaintiff's original complaint, but did not file a Rule 12 motion. The factual background relevant to the original complaint is detailed in the Court's prior opinions, familiarity with which is assumed.

---

[2] All page number references are to the page identification numbers generated by the Court's electronic docketing system.

**C. The Proposed Amended Complaint**

Plaintiff asserts the following causes of action in the first amended complaint: Count I—against Alexander for seizure of plaintiff and the Corvette in violation of the Fourth Amendment; Count II—against Starvaggi, Freeman, Thatcher, Wascom, and Chipman for conspiracy to seize the Corvette in violation of the Fourth Amendment; Count III—against Starvaggi, Freeman, Thatcher, Wascom, and Chipman for seizure of the Corvette in violation of Ohio Rev. Code §§ 2307.60 and 2307.61; and Count IV—against Wascom and Chipman for seizure of the Corvette in violation of 15 U.S.C. § 1962 (debt collection). (First Am. Compl. at 450-55.)

The proposed amended complaint abandons plaintiff's "general allegations" claim (Count I), Fifth and Fourteenth Amendment claims, *Monell* claim (Count V), and state law "abuse of process" claim (Count VI).

### III.  DISCUSSION

**A.  Federal Rule of Civil Procedure 15**

The Court analyzes plaintiff's motion to file an amended complaint pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure, which provides that leave to amend should be freely given when justice so requires. Leave to amend is appropriately denied under a number of circumstances, including bad faith, undue delay, dilatory motives, undue prejudice to the opposing party, and futility. *Glazer v. Chase Home Fin. LLC*, 704 F.3d 453, 458 (6th Cir. 2013) (quoting *Foman v. Davis*, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)).

"A court need not grant leave to amend . . . where amendment would be 'futile.'" *Miller v. Calhoun County*, 408 F.3d 803, 817 (6th Cir. 2005) (quoting *Foman*,

4

371 U.S. at 182.). Amendment of a complaint is futile when the proposed amendment would not survive a motion to dismiss. *Id.* (citing *Neighborhood Dev. Corp. v. Advisory Council on Historic Pres.*, 632 F.2d 21, 23 (6th Cir. 1980)); *Riverview Health Inst. LLC v. Med. Mutual of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010) (citations omitted).

Defendants Thatcher, Freeman, and Alexander (on behalf of Starvaggi) oppose plaintiff's motion on the basis of futility and prejudice.

**B. Proposed Count II and III as to Freeman, Thatcher, and Starvaggi**

Plaintiff's proposed amended complaint claims Freeman, Thatcher, and Starvaggi, along with Wascom and Chipman, seized the Corvette in violation of Ohio Rev. Code §§ 2307.60 and 2307.61 (Count III), and engaged in a conspiracy to unlawfully seize the Corvette in violation of the Fourth Amendment (Count II). (First Am. Compl., ¶¶ 142-60 at 451-54.)

1. The Court's Prior Dismissal of Freeman and Thatcher

In ruling on defendants' motions to dismiss the original complaint, Thatcher was dismissed for lack of personal jurisdiction. (*See* MOO at 332.) The Court granted Freeman's motion to dismiss the claims against him in his individual capacity for failure to state a claim with respect to plaintiff's claim for false arrest under the Fourth Amendment (Count II), taking of the Corvette without due process under the Fourteenth Amendment or just compensation under the Fifth Amendment (*see* Count III), and conspiracy to deprive plaintiff of the Corvette and his constitutional rights (Count IV). (MOO at 336-39.) With respect to the dismissal of plaintiff's conspiracy claim against Freeman, the Court concluded that even if plaintiff could state a claim and show a constitutional deprivation, plaintiff could not overcome Freeman's affirmative defense of

5

qualified immunity. (MOO at 339-40.) Also dismissed was plaintiff's claim against Freeman in his official capacity for failure to state a claim of municipal liability (Count V). (*Id.* at 340-42.)

2. Proposed Amendment (Count II) as to Freeman is Futile and Prejudicial

To prevail on his proposed conspiracy claim as to Freeman, plaintiff must establish: (1) a single plan; (2) a shared conspiratorial objective to deprive plaintiff of constitutional rights; and (3) an overt act in furtherance of the conspiracy. (MOO at 339 (citing *Revus v. Meldrum,* 498 F.3d 273, 290 (6th Cir. 2007)).) But, even if plaintiff could establish a constitutional violation against Freeman, his claim would fail because Freeman is entitled to qualified immunity.

To determine whether a defendant sued in his individual capacity enjoys qualified immunity, two questions must be answered: "(1) [t]aken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?; and (2) if the answer to the first question is yes, [ ] whether the violated right was 'clearly established.'" (MOO at 334-35 (quoting *Gunasekera v. Irwin*, 551 F.3d 461. 471 (6th Cir. 2009) (quoting *Saucier v. Katz*, 533 U.S. 194, 200-01, 121 S. Ct. 2151, 150 L. Ed. 2d 272 (2001)).) These two questions may be addressed in any order, at the Court's discretion, in light of the circumstances of a particular case. *Pearson v. Callahan*, 555 U.S. 223, 236, 129 S. Ct. 808, 172 L. Ed. 2d 565 (2009).

In reply to Freeman's opposition to the motion to amend, plaintiff contends that "[t]he law against [defendants'] actions is fully developed and divests the Defendants of their 'qualified immunity.'" While citing no case law in support of that

6

conclusion, plaintiff refers to the "Uniform Enforcement of Foreign Judgments Act" which plaintiff argues is "well developed throughout the United States, to include Ohio and the State of Texas." (Reply at 513-14.)[3]

Plaintiff's arguments are insufficient to overcome Freeman's defense of qualified immunity. *Armstrong v. City of Melvindale,* 432 F.3d 695, 699 (6th Cir. 2006) (citations omitted) (once a defendant asserts the affirmative defense of qualified immunity, the burden is on the plaintiff to show that defendant is not entitled to qualified immunity).

The Rowlett Police Department Incident Report ("Incident Report"), attached to plaintiff's proposed amended complaint as Exhibit B, is made part of the complaint pursuant to ¶ 99. (First Am. Compl. at 444-45.) The Incident Report reflects that Freeman was contacted by Wascom regarding Wascom's civil judgment for the Corvette. Freeman sought the advice of Rockwall County District Attorney "Ashley," who "advised that if the property was awarded in civil court, victim needs to go through the civil court to seek remedy" and "the circumstances do no [sic] warrant the vehicle to be entered on NCIC [National Crime Information Computer] as stolen." Freeman considered the matter closed. (First Am. Compl. at 467.)

However, the Incident Report reflects that Wascom contacted Freeman again, stating that the judge issuing the civil judgment for the Corvette advised that Wascom should contact the local police to investigate the Corvette. With respect to that second encounter, the Incident Report states that "the vehicle [Corvette] is registered to

---

[3] In support of his argument against qualified immunity for Freeman, plaintiff also refers to a case in the Summit County Court of Common Pleas in Ohio, in which Wascom and Chipman were defendants, but

7

Wascom's wife Sheri Chipman. Chipman has the original title to the vehicle . . .." (*Id.* at 468.) Freeman again sought the advice of a Rockwall County attorney, this time speaking with district attorney Thatcher. Thatcher concluded that "it was still in a grey area however there is enough evidence to enter the vehicle on NCIC as stolen." (*Id.*)

Freeman, faced with a court order from Rockwall County, Texas entitling Wascom to recover the Corvette, and information that the vehicle belonged to Chipman, twice consulted with Rockwall County district attorneys to determine how to proceed. The second district attorney advised Freeman that there was sufficient evidence to list the Corvette on the NCIC, and Freeman proceeded on that advice.

A court's analysis of the "objective legal reasonableness" of an officer's actions is determined on a fact-specific, case-by-case basis. *Armstrong,* 432 F.3d at 699 (citing *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 990 (6th Cir. 1994)). Based on the facts of this case, the Court concludes that it was objectively reasonable for Freeman to consult a county attorney for advice and to follow that advice. The doctrine of qualified immunity protects "all but the plainly incompetent or those who knowingly violate the law." *Armstrong*, 432 F.3d at 699 (6th Cir. 2006) (quoting *Malley v. Briggs*, 475 U.S. 335, 341, 106 S. Ct. 1092, 89 L. Ed. 2d 271 (1986)). There is no evidence in this case that Freeman acted incompetently or with an intention to violate the law. In fact, Freeman's actions demonstrate an intention to the contrary.

In addition, plaintiff has provided no reason why his motion to amend the complaint to restore Freeman to this lawsuit was delayed approximately nine months from the time Freeman was dismissed on February 27, 2014. Since that time, months of

---

that case is not relevant to the Court's qualified immunity analysis.

8

discovery transpired in which Freeman has not participated. Because plaintiff waited until the very last day to amend his complaint to restore Freeman, and allowing time for briefing and the Court's ruling, discovery has closed. Freeman would be unduly prejudiced by restoring him to the case at this late date. Further, this matter has been pending for two years. If Freeman were restored now, discovery would have to be reopened and the case management plan entirely revised, thereby further delaying resolution of this case.

Having concluded as a matter of law that Freeman is entitled to qualified immunity as to Count II, that claim would be dismissed as to Freeman even if plaintiff stated a claim for conspiracy. Therefore, the amendment would be futile, and plaintiff's motion as to Freeman is denied. The motion is also denied on the basis of delay and prejudice.

3. Proposed Amendment (Count II) as to Thatcher is Futile and Prejudicial

The Court previously found that plaintiff failed to plead sufficient facts to establish the personal jurisdiction of this Court over Thatcher, and dismissed Thatcher from the case on that basis. (MOO at 332.) In opposing plaintiff's motion to amend, Thatcher argues that: (1) he would be prejudiced if restored to this case nine months after being dismissed; (2) the alleged personal contacts between Thatcher and the State of Ohio are not supported by tangible evidence; and (3) Thatcher, like Freeman, is entitled to qualified immunity. (Thatcher Opp. at 497-99.) Plaintiff disputes that Thatcher is entitled to qualified immunity because, as an experienced civil attorney, Thatcher was aware of the "Uniform Enforcement of Foreign Judgments Act" and knew the proper

9

procedures for domesticating Wascom's Texas judgment in Ohio to recover the Corvette. (Reply at 513-14 and First. Am. Compl., ¶ 107 at 446.)

The Court finds plaintff's arguments unavailaing. Even if plaintiff's allegations in his proposed amended complaint are sufficient to establish the Court's personal jurisdiction over Thatcher, and sufficient to state a plausible constitutional violation, the amended complaint would be subject to dismissal because Thatcher is entitled to qualified immunity.

As detailed in the prior section, Freeman sought the advice of two different district attorneys in Rockwall County, and received different advice from each of them, albeit on slightly different facts. One of those attorneys was Thatcher. The hallmark of a clearly established constitutional right is that reasonable officials could not disagree. *Key v. Grayson*, 179 F.3d 996, 1000 (6th Cir. 1999) (if reasonable officials disagree on an issue, constitutional right not clearly established). In this case, two Rockwall County attorneys disagreed as to whether the Corvette matter was purely civil or the vehicle could be listed as stolen. This disagreement reflects that Thatcher's conclusion that the Corvette could be listed as stolen did not violate plaintiff's clearly established constitutional rights. Even if "Ashley" was correct and Thatcher was mistaken, that mistake does not deprive him of qualified immunity. "Qualified immunity gives government officials breathing room to make reasonable but mistaken judgments, and protects all but the plainly incompetent or those who knowingly violate the law." *Occupy Nashville v. Haslam*, 769 F.3d 434, 442 (6th Cir. 2014) (quoting *Stanton v. Sims*, -- U.S. --, 134 S. Ct. 3, 5, 187, L. Ed. 2d 341 (2013)).

Additionally, plaintiff has provided no reason why his motion to amend the complaint and restore Thatcher to this case was delayed approximately nine months after Thatcher was dismissed on February 27, 2014. Like Freeman, Thatcher would be unduly prejudiced by his long absence from this case, requiring discovery to be reopened and the case management plan revised.

Based on the facts and circumstances present in this case, including those relied upon by the plaintiff in the Incident Report, the Court concludes as a matter of law that Thatcher would be entitled to qualified immunity even if plaintiff's proposed amended complaint were sufficient to establish personal jurisdiction or state a constitutional violation. As a consequence, plaintiff's amendment would be futile, and therefore the motion as to Thatcher is denied. Additionally, even if plaintiff's amendment to restore Thatcher to this case were not futile, the motion is denied on the basis of undue delay and prejudice to Thatcher, and unjustified delay in the timely resolution of this case

3. Proposed Amendment as to Starvaggi is Futile and Prejudicial

Anthony Starvaggi was not named by plaintiff in his original complaint. In his proposed amended complaint, plaintiff's allegations against Starvaggi provide that: (1) Anthony Starvaggi was a detective for the City of Akron during the time leading up to the seizure of the Corvette on January 31, 2011; (2) Starvaggi instructed defendant Wascom to have Texas law enforcement place the vehicle on the NCIC as a stolen vehicle, which would allow the Akron Police to seize the Corvette; and (3) Starvaggi instructed defendant Alexander to seize the Corvette. (*See* First Am. Compl., ¶¶ 8, 101-02, 108-11.) Based on these allegations, plaintiff claims in Count II that Starvaggi and

11

other defendants engaged in a conspiracy to unlawfully seize the Corvette in violation of the Fourth Amendment.

In opposing the addition of Starvaggi to this action, defendant Alexander argues that the amendment would be futile because plaintiff's § 1983 claim against Starvaggi is barred by the two-year statute of limitations and would not survive a Rule 12(b) motion.[4] (*See* Alexander Opp.) The Court agrees.

42 U.S.C. § 1983 does not provide for a statute of limitations. Instead, the United States Supreme Court has held that "§ 1983 claims are best characterized as tort actions for the recovery of damages for personal injury and that federal courts must borrow the statute of limitations governing personal injury actions from the state where the § 1983 action was brought." *Cooey v. Strickland*, 479 F.3d 412, 416 (6th Cir. 2007) (citing *Wilson v. Garcia*, 471 U.S. 261, 275-76, 105 S. Ct. 1938, 85 L. Ed. 2d 254 (1985)). The Sixth Circuit has held that a two-year statute of limitations applies to § 1983 claims in Ohio. *Banks v. City of Whitehall*, 344 F.3d 550, 553 (6th Cir. 2003) ("[T]he appropriate statute of limitations for 42 U.S.C. § 1983 . . . arising in Ohio is contained in Ohio Rev. Code Ann. § 2305.10, which requires that actions for bodily injury be filed within two years after their accrual." (quoting *Browning v. Pendleton*, 869 F.2d 989, 992 (6th Cir. 1989))).

In this case, plaintiff's cause of action accrued on January 31, 2011. The original complaint was filed on the eve of the expiration of the two-year statute of limitations—January 31, 2013. Plaintiff's proposed first amended complaint was filed

---

[4] Plaintiff's reply to defendant's opposition that the addition of Starvaggi is time-barred by the statute of limitations is silent on this issue.

12

November 4, 2014. The two-year statute of limitations has long expired and Starvaggi, who was not named as a defendant in the original complaint, cannot now be added as a newly named defendant, unless plaintiff's proposed amended complaint as to Starvaggi relates back to the original complaint by way of the "John Doe" defendants identified in the complaint. For the reasons that follow, the Court concludes that plaintiff's attempt to add Starvaggi to this case does not relate back to the original complaint.

The portion of Rule 15 applicable to this analysis is section (c), which provides in relevant part:

> * * * *
> (c) Relation Back of Amendments.
>
> > (1) *When an Amendment Relates Back*. An amendment to a pleading relates back to the date of the original pleading when:
> >
> > * * * *
> > (C) the amendment changes the party or the naming of the party against whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within the period provided by Rule 4(m) for serving the summons and complaint, the party to be brought in by the amendment:
> >
> > > (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> > >
> > > (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Plaintiff's attempt to add Starvaggi to the complaint does not satisfy the requirements of Rule 15(c) to relate the proposed first amended complaint back to the filing date of the original complaint. While plaintiff's claim against Starvaggi arises from

13

the same events as the original complaint as required by Rule 15(c)(1)(B), Stargavvi did not have notice within the period required by Rule 4(m) that he would have been sued but for a mistake concerning his identity.

In both *Brown v. Cuyahoga County, Ohio*, 517 F. App'x 431 (6th Cir. 2013), and *Smith v. City of Akron*, 476 F. App'x 67 (6th Cir. 2012), plaintiff identified John Doe defendants in the original complaint filed before the § 1983 statute of limitations ran. After the statute of limitations had expired, plaintiff filed an amended complaint which named specific police officers and jail employees. In both cases, the Sixth Circuit held that the police officers and jail employees were entitled to dismissal because the case against them in the amended pleading was filed after the expiration of the statute of limitations. The court reasoned that the addition of new defendants in place of 'John Doe' defendants was considered a change in parties, not a mere substitution of parties, and such amendments did not satisfy the mistaken identity requirement of Rule 15(c). *Smith v. City of Akron*, 476 F. App'x at 69 (quoting *Cox v. Treadway*, 75 F.3d 230, 240 (6th Cir. 1996)). Further, the court found that lack of knowledge about the identity of a defendant does not constitute a "mistake" for purposes of application of the relation back provision of Rule 15(c). *Brown*, 517 F. App'x at 433-34 (citing *Cox v. Treadway*, 75 F.3d at 240). Accordingly, plaintiff's claim against Starvaggi in the first amended complaint does not relate back to the original complaint. The two-year statute of limitations for § 1983 statute in Ohio has expired. Plaintiff's § 1983 claim against Starvaggi is time-barred and would be subject to dismissal pursuant to Rule 12.

Unlike Freeman and Thatcher, Starvaggi was not previously named as a defendant in this case. However, plaintiff has provided no information as to when he

14

learned of Starvaggi's alleged role in the events at issue in order for the Court to determine whether plaintiff was dilatory in seeking leave to add Starvaggi to this action. But whatever plaintiff's reason, the resulting prejudice to Starvaggis is the same as that of Freeman and Thatcher. Because of the timing of plaintiff's motion to amend, discovery is closed, leaving Starvaggi subject to the impossible task of defending the case without discovery unless discovery were reopened.

The Court concludes that plaintiff's motion to add Starvaggi would be futile, and is denied on that basis. Further, even if plaintiff's claim against Starvaggi were not time-barred, plaintiff's motion would be denied in the basis of delay and prejudice..

4.  Official Capacity Claims against Freeman, Thatcher and Starvaggi

It appears from plaintiff's proposed first amended complaint that plaintiff seeks to sue Freeman, Thatcher, and Starvaggi in their official, as well as individual capacities. Official capacity suits are another way of pleading an action against the entity for which the officer or official is an agent. (MOO at 340 (citations omitted).) In suits against a municipality pursuant to § 1983, a "policy or custom" must have led to the alleged constitutional deprivation. (*Id*.)

However, the proposed amended complaint, unlike the original complaint, does not assert as a § 1983 cause of action for municipal liability. Accordingly, to the extent that plaintiff's motion to file a first amended complaint seeks to sue Freeman, Thatcher, and Starvaggi in their official capacities, the motion is denied for failure to assert a cause of action for municipal liability.

15

**C. Proposed Amendments as to Alexander**

    1. Fourth Amendment Violation (Count I)

In Count I of his proposed amended complaint, plaintiff asserts a claim solely against Alexander pursuant to § 1983 for seizure of both plaintiff and the Corvette in violation of the Fourth Amendment. (First Am. Compl., ¶¶ 136-141 at 450-51.) The Court previously denied Alexander's motion for judgment on the pleadings as to plaintiff's claim for false arrest in violation of the Fourth Amendment, but granted Alexander's motion for judgment on the pleadings with respect to plaintiff's claim for deprivation of the Corvette in violation of the Fifth and Fourteenth Amendments. (OO at 368-72.) Plaintiff's original complaint did not assert a claim for seizure of the Corvette in violation of the Fourth Amendment. Alexander has not opposed plaintiff's proposed amended complaint as to Count I.

Under the liberal pleading standard, plaintiff's motion to amend his complaint to include seizure of the Corvette in his Fourth Amendment claim against Alexander (Count I) is granted.

    2. Official Capacity Claim against Alexander

It appears from plaintiff's proposed first amended complaint that plaintiff seeks to sue Alexander in his official, as well as individual, capacity. The Court previously granted Alexander's motion for judgment on the pleadings with respect plaintiff's claim for municipal liability in the original complaint. (OO at 374-75.) Further, the proposed amended complaint, unlike the original complaint, does not assert as a § 1983 cause of action for municipal liability. Accordingly, to the extent that plaintiff's

16

motion to file a first amended complaint seeks to sue Alexander in his official capacity, the motion is denied.

### D. Proposed Amendments of Federal Claims as to Wascom and Chipman

Plaintiff's proposed amended complaint asserts the following federal claims against Wascom and Chipman: Count II—for conspiracy to seize the Corvette in violation of the Fourth Amendment; and Count IV—for seizure of the Corvette in violation of 15 U.S.C. § 1962 (debt collection). (First Am. Compl. at 451-55.)

Wascom and Chipman have not opposed plaintiff's motion. Plaintiff's motion to amend his complaint with respect to his federal claims against Wascom and Chipman is granted.

### E. State Law Claims (Count III)

Plaintiff's proposed amended complaint asserts state law claims against Starvaggi, Thatcher, Freeman, Wascom, and Chipman for violation of Ohio Rev. Code §§ 2307.60 and 2307.61 pursuant to the Court's supplemental jurisdiction. 28 U.S.C. § 1367. (First. Am. Compl. Count III, ¶¶ 154-160 at 453-54.) On its face, Ohio Rev. Code § 2307.61 allows a property owner who brings a civil action pursuant to Ohio Rev. Code § 2307.60(A) to recover damages from "any person who willfully damages the owner's property or commits a theft offense, as defined in section 2913.01 of the Revised Code, involving the owner's property . . .." Ohio Rev. Code § 2307.61(A).

In Count III of the proposed amended complaint, plaintiff claims that the alleged false stolen car report placed on NCIC regarding the Corvette constitutes theft pursuant to Ohio Rev. Code § 2913.02, and that Wascom and Chipman "procured" Starvaggi, Freeman, and Thatcher to commit the theft. (First Am. Compl., ¶ 155-60 at

17

453-454.) The Court notes that in Count III, plaintiff specifically states that "Alexander is an innocent party to the fraud and is therefore exempt from the act of complicity and theft." (First Am. Compl., ¶ 158 at 453-54.)

The Court's exercise of jurisdiction over supplemental state law claims is discretionary, and the Court may decline to exercise supplemental jurisdiction for a variety of reasons. 28 U.S.C. 1367(c). In this case, plaintiff's state law claims are intertwined with certain State of Ohio criminal statutes. Because resolution of plaintiff's civil state law claims appears to involve Ohio criminal statutes, the Court concludes that resolution of the state law claims in Count III are best left to the Ohio courts, and on that basis, declines to exercise supplemental jurisdiction over plaintiff's state law claims in Count III. Accordingly, plaintiff's motion as to Count III is denied.

### III.  CONCLUSION

For the reasons contained herein, plaintiff's motion to amend his complaint is granted in part and denied in part, as follows:

(1) The motion to amend is granted as to plaintiff's claim against Alexander in Count I.

(2) The motion to amend is granted with respect to Count II as to Wascom and Chipman, but denied as to Freeman, Thatcher, and Starvaggi.

(3) The motion to amend is denied as to Count III.

(4) The motion to amend is granted as to plaintiff's claims against Wascom and Chipman in Count IV.

(5) The motion to amend, to the extent it purports to assert a claim against Alexander, Freeman, Thatcher, and Starvaggi in their official capacities, is denied.

The Court's ruling granting certain portions of plaintiff's motion to amend his complaint should not be construed by either party as an indication of how the Court will rule on on the merits of the claims. Plaintiff shall file his amended complaint, in accordance with the Court's rulings in this Opinion and Order, by January 28, 2015. The dates and deadlines in the Court's Case Management Plan and Trial Order remain in effect. (Doc. No. 45.)

**IT IS SO ORDERED**.

Dated: January 21, 2015

                                        **HONORABLE SARA LIOI**
                                        **UNITED STATES DISTRICT JUDGE**